UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

    Carol Brazieka,                                         Case No. 16-48508-MBM
                                                       Chapter 13
                              Debtor.    /             Hon. Marci B. McIvor

Audrey Vizachero,

        Plaintiff,

vs.                                                                                                 Adv. Pro. No. 16-04839

Carol Brazieka,

              Defendant.        /

**<u>OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on plaintiff Audrey Vizachero's Motion for Summary Judgment. Plaintiff seeks judgment on a single count adversary complaint for nondischargeability under 11 U.S.C. § 523(a)(2)(A) (false misrepresentations, fraud and misrepresentation). For the reasons set forth in this Opinion, the Motion is granted..

## I. <u>Factual Background</u>

On November 22, 2010, debtor/defendant Carol Brazieka was criminally charged with embezzlement, identity theft, and false pretenses. She was accused of having stolen virtually all of the financial assets of her mother, Audrey Vizachero. (Plaintiff's Ex. A).

On April 11, 2011, Brazieka pled no contest to the charges and was sentenced to five years probation. She was also required to make monthly restitution payments. (Plaintiff's Ex. D (sentencing transcript); Ex. A (Settlement Offer and Notice of Acceptance) attached to Ex. H (Requests to Admit)).

On August 18, 2011, Vizachero, filed a four count civil complaint against Brazieka in

Wayne County Circuit Court. That complaint alleged breach of fiduciary duty, embezzlement, intentional infliction of emotional distress and fraud. (Plaintiff's Ex. E).

Brazieka was represented by legal counsel in the civil suit and filed an answer to the complaint.

On or about September 6, 2011, Vizachero's lawyer served Brazieka with requests to admit, seeking admissions as to the following statements:

1. Please admit that on January 20, 2011, Carol Brazieka stipulated that she owed the Plaintiff herein the sum of $355,800. See Ex. A attached hereto.[1]

2. Please admit that Defendant owed Plaintiff the sum of $355,800 because she embezzled that money from Audrey Vizachero.

3. Please admit that in March, 2010, Defendant admitted to her mother than (sic) she was responsible for opening credit cards with Bank of America/Royal Caribbean, First USA, Citibank, and American Express in her mother's name.

4. Please admit that Defendant opened credit cards with Bank of America/Royal Caribbean, First USA, Citibank and American Express in her mother's name.

5. Please admit that Defendant did not have her mother's authority to open credit cards with Bank of America/Royal Caribbean, First USA, Citibank, and American Express in her mother's name.

6. Please admit that Defendant, her husband and/or daughter used the credit cards issued by credit cards with (sic) Bank of America/Royal Caribbean, First USA, Citibank, and American Express.

7. Please admit that on May 21, 2010, Defendant admitted to Sgt. David Zucchetto that she was the person responsible for making all of the withdrawals from Plaintiff's UBS account between January, 2004 and May, 2010.

8. Please admit that Defendant drafted and signed the March 14, 2008 letter to

---

[1] Exhibit A to the requests to admit is the "Settlement Offer and Notice of Acceptance" in the criminal case.

USB. [2]

9. Please admit that Defendant transmitted the March 14, 2008 letter to UBS.

10. Please admit that Plaintiff was not present when she faxed the March 14, 2008 letter to UBS.

11. Please admit that your telephone number is or was (734) 422-6169.

12. Please admit that you provided the telephone number (734) 422-6169 to Keith Lang at Tennyson Chevrolet and represented to him that it was Plaintiff's telephone number.

Plaintiff's Ex. H.

Brazieka did not respond to the requests to admit. (Plaintiff's Ex. B - copy of circuit court docket).

On May 23, 2012, a consent judgment was entered in the state court proceeding. That judgment states, in relevant part:

This matter coming before the Court upon the stipulation of the parties;

IT IS HEREBY ORDERED:

Judgment in the above referenced matter be and is hereby entered on Plaintiff's claims of breach of fiduciary duty, embezzlement, fraud and intentional infliction of emotional distress in favor of Plaintiff and against Defendant in the amount of $348,030. Defendant Brazieka shall be given credit against this judgment amount for any restitution payments received by Plaintiff or her estate in the matter of *People v. Brazieka*, Wayne County Case number 10-13496-01-FH.

It is further ordered that Defendant shall not be obligated to begin making

---

[2]The March 14, 2008 letter to USB states, in relevant part:
I want to let you know that my daughter, Carol L. Brazieka, has my permission to pick up checks and sign on my behalf whenever needed to complete any business transactions, withdrawals, sales and deposits. She helps me with my finances and I know that she is acting for me. Please let this letter be suitable for this transaction as well as the future ones.
Plaintiff's Ex. I. The exhibit has no signature, but closes with they typed name "Audrey C. Vizachero."

> payments on this Consent Judgment until after she is discharged from probation or unless she is no longer making restitution pursuant to the Order entered by the Wayne County Circuit Court in case number 10-13496-01.
>
> It is further ordered that beginning in the first month following her last restitution payment, the Defendant shall begin making monthly payments to the Plaintiff in an amount no less than $600 per month. . . .

Plaintiff's Ex. F.

On June 9, 2016, Brazieka filed a voluntary chapter 13 bankruptcy petition. Plaintiff's judgment in the amount of $ 345,000 is included on schedule F.

On September 2, 2016, Vizachero, filed an adversary complaint alleging that the debt owed to her by Debtor, pursuant to the state court consent judgment, is nondischargeable under 11 U.S.C. § 523(a)(2)(A) (false representations, actual fraud and misrepresentation).

On November 29, 2016, Plaintiff filed the present Motion for Summary Judgment. Plaintiff asserts that the issues relating to the nondischargeability of the consent judgment were litigated in the state court, that the doctrines of *res judicata* and collateral estoppel preclude relitigation of those issues in this forum, and that she is entitled to summary judgment on the complaint.

On December 28, 2016, Defendant filed an answer to the Motion.

On January 19, 2017, the Court held a hearing on Plaintiff's Motion for Summary Judgment.

## II. Jurisdiction

Bankruptcy courts have jurisdiction over all cases under Title 11 and all core proceedings arising under Title 11 or arising in a case under Title 11. *See* 28 U.S.C. §§ 1334 and 157. Core proceedings include proceedings to determine dischargeability. 28 U.S.C. § 157(b)(2)(I).

### III. Standard for Summary Judgment

The standard for obtaining summary judgment under Fed. R. Civ. P. 56(a) is incorporated into Fed. R. Bankr. P. 7056(a). Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. A "genuine" issue is one where no reasonable fact finder could return a judgment in favor of the non-moving party. *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). Once the movant meets this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the non-moving party, the motion should be granted." *Cox v. Kentucky Dept. of Transportation*, 53 F.3d 146, 149-50 (6th Cir. 1995) (internal quotation marks and citation omitted).

### IV. Analysis

Plaintiff asserts that she is entitled to summary judgment on the adversary complaint because the issues of embezzlement, fraud and breach of fiduciary duty were raised and litigated

5

in the state court proceeding which gave rise to the consent judgment, and that the doctrines of *res judicata* and collateral estoppel preclude relitigation of those issues in this forum. Plaintiff argues that the state court action and resulting consent judgment are a sufficient basis for a finding of nondischargeability under 11 U.S.C. § 523, which precludes discharge of a debt obtained by fraud. Defendant argues that the issue of fraud was not litigated in the state court proceeding.

**Nondischargeability under 11 U.S.C. § 523(a)(2)(A)**

The purpose of 11 U.S.C. § 523(a)(2) is to prevent debtors from retaining the benefits of property obtained through fraud. *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443, 1451 (6th Cir. 1994). Section 523 (a)(2)(A) excepts from discharge any debt "for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud. . . " To prevail on a claim under this section, a plaintiff must show that:

> (1) [T]he debtor obtained money through a material misrepresentation that at the time the debtor knew was false or that he made with reckless disregard for the truth; (2) the debtor intended to deceive; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998). *See also Digital Commerce Ltd. v. Sullivan (In re Sullivan)*, 305 B.R. 809, 823 (W.D. Mich. 2004). Plaintiff must show each element by a preponderance of the evidence. *Rembert*, 141 F.3d at 281.

**Full Faith and Credit**

Plaintiff argues that she does not have to litigate her claim for a nondischargeable judgment based on fraud because a prior judgment entered in state court should be given

6

preclusive effect by this Court.

When determining the effect of a prior state court judgment, the starting point is the U.S. Constitution's Full Faith and Credit Clause, which states:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const., Art. IV, § 1. That clause is implemented by the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, which provides, in relevant part:

> Such. . . [state] judicial proceedings. . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

Thus, federal courts must give a state court judgment the same preclusive effect that the judgment would be given under the law of the state in which the judgment was rendered. *See Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 (1982).

In determining the preclusive effect of a state court judgment, the U.S. Supreme Court has established a two step process. First, the federal court must determine the preclusive effect under the law of the state of origin, then, the court must determine whether any federal statute expressly or impliedly creates an exception to the usual application of the full faith and credit statute. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-83 (1985).

In the present case, the consent judgment was entered by the Wayne County Circuit Court in Michigan. Thus, the Court looks to *res judicata* under Michigan law to determine whether the consent judgment bars the relitigation of the issue of fraud.

7

### *Res Judicata* and Consent Judgments under Michigan Law

*Res judicata* bars all *claims* that were or might have been presented and all defenses that were or might have been presented as though they had been actually litigated. The policy rationale behind *res judicata* is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Allen,* 449 U.S. at 94. *Res judicata* prevents plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and legal theories for recovery the first time they bring suit. *Apparel Art Internat'l Inc. v. American Enterp. Ltd.,* 48 F.3d 576, 583 (1st Cir. 1995), citing *Allen,* 449 U.S. at 94. The burden is on the party asserting *res judicata* to show that the later-filed suit is barred. *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002).

Under Michigan law,

> *Res judicata* bars a subsequent action between the same parties when the evidence or essential facts are identical. A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies.
>
> Michigan courts have broadly applied the doctrine of *res judicata*. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.

*Sewell v. Clean Cut Mgt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001), *quoting Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. App. 1999)(internal citations omitted).

Consent judgments generally have claim preclusive or *res judicata* effect under Michigan law. See *Day v. Manuel (In re Manuel)*, 76 B.R. 105, 107 (Bankr. E.D. Mich. 1987), citing *Knowlton v. City of Port Huron*, 94 N.W.2d 824 (Mich.,1959) and *Prawdzik v. Heidema*

*Brothers, Inc.*, 89 N.W.2d 523 (Mich., 1958). See also *Schwartz v. City of Flint*, 466 N.W.2d 357, 359-60 (Mich.App.1991). "Under Michigan law, *res judicata* requires that the same evidence necessary to sustain the second cause of action would have been sufficient to authorize the first judgment. Accordingly, Michigan law does apply claim preclusive effect, that is, *res judicata* effect, to an earlier state court consent judgment." *Manuel*, 76 B.R. at 107.

While generally a consent judgment may be given *res judicata* effect in subsequent litigation, when the subsequent litigation is a nondischargeability action in bankruptcy court, the preclusive effect of a prior consent judgment is more circumscribed. Pursuant to the U.S. Supreme Court's directive in *Marrese*, this Court must first look to state law to determine the preclusive effect of a prior judgment and then determine whether there is a federal exception to the application of the full faith and credit statute. The issue of whether federal bankruptcy law creates an exception to the application of state law was addressed by the U.S. Supreme Court in *Brown v. Felsen*, 442 U.S. 127 (1979).

In *Brown v. Felsen*, the Supreme Court recognized that bankruptcy courts have exclusive jurisdiction to determine the dischargeability of debts. The Supreme Court held that this exclusive jurisdiction requires the bankruptcy court to make its own findings of fact on any fact necessary to proving nondischargeability. In the *Brown* case, Brown sued Felsen in state court seeking money that Brown alleged was obtained through fraud. The state court entered a consent decree which embodied a stipulation that Felsen would pay Brown a sum certain. Neither the consent decree nor the stipulation indicated that the judgment was for fraud. Felsen failed to pay and filed for bankruptcy. Brown brought a nondischareability action in the bankruptcy case and asked the bankruptcy court to look behind the consent decree and

9

stipulation and hold that the debt was nondischargeable as a debt for money obtained by fraud. *Id.* 128-29. The lower courts held against Brown, finding that the debt was owed pursuant to a consent judgment and that the relevant judgment-related documents did not refer to fraud. The courts also noted that *res judicata* prevented the bankruptcy court from looking behind those documents to determine the nature of the claim that gave rise them. As a result, those courts concluded that the debt could not be characterized as one for money obtained by fraud. *Id.* at 130-31.

The U.S. Supreme Court unanimously rejected the lower courts' reasoning and explained that,

> [r]efusing to apply *res judicata* here would permit the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud, and malicious conversion which petitioner alleges. These questions are now, for the first time, squarely in issue. They are the type of question Congress intended that the bankruptcy court would resolve. That court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits.

*Brown* at 138. In a later case reaffirming the holding in *Brown*, the U.S. Supreme Court stated:

> the state law of claim preclusion would bar Brown from making any claim " 'based on the same cause of action' " that Brown had brought in state court. *Id.*, at 131 (*quoting Montana v. United States*, 440 U.S. 147, 153 (1979)). Indeed, this aspect of *res judicata* would prevent Brown from litigating "all grounds for ... recovery" previously available to Brown, whether or not Brown had previously "asserted" those grounds in the prior state-court "proceeding." 442 U.S., at 131. But all this . . . was beside the point. **Claim preclusion did not prevent the Bankruptcy Court from looking beyond the record of the state-court proceeding and the documents that terminated that proceeding (the stipulation and consent judgment) in order to decide whether the debt at issue (namely, the debt embodied in the consent decree and stipulation) was a debt for money obtained by fraud**. Id., at 138–139.

*Archer v. Warner*, 538 U.S. 314, 319-21 (citing and quoting *Brown v. Felsen*, 442 U.S. 127 (1979))(emphasis added). Thus, *Brown* squarely holds that a consent judgment does not have a

*res judicata* effect in a nondischargeability proceeding if the facts necessary to prove a nondischargeable debt are not established prior to the entry of the consent judgment. *See also Archer v. Warner*, 538 U.S. 314 (2003)(there is no distinction between a stipulated settlement and a consent judgment for purposes of determining whether a previous judgment has a *res judicata* effect in subsequent litigation related to the nondischargeability of the judgment).

Defendant in the instant case relies heavily on *Brown* to support her argument that the consent judgment entered in the state court case cannot be given *res judicata* effect in this nondischargeability action. This Court disagrees. *Brown* does not state that a consent judgment may never be given preclusive effect in a nondischargeability proceeding, rather, it requires that the bankruptcy court scrutinize the state court record to determine whether the facts necessary to prove the nondischargeability cause of action were established in the state court case. The question then becomes: how does this Court evaluate the state court record to determine whether a fact necessary to the determination of nondischargeability was established in state court? In this Court's view, if there are undisputed facts in the state court record sufficient for Plaintiff to have prevailed on a motion for summary disposition on the issue of fraud, embezzlement, breach of fiduciary duty or intentional infliction of emotional distress (willful and malicious conduct), this Court can give *res judicata* effect to the state court judgment.

In evaluating the state court record, this Court finds that had a consent judgment not been entered, Plaintiff could have obtained summary disposition on the issue of fraud because there were no questions of material fact as to whether Defendant had obtained Plaintiff's money by fraudulent conduct. There are no questions of fact because of the manner in which Michigan deals with a party's failure to answer requests to admit.

11

In Michigan, the effect of a party's failure to respond to a request to admit is set forth in Michigan Court Rule 2.312(B)(1), which states:

> Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. Unless the court orders a shorter time a defendant may serve an answer or objection within 42 days after being served with the summons and complaint.

Michigan Court Rule 2.312(F) requires that all requests for admissions and responses thereto be filed with the court. Admissions resulting from the failure to answer requests for admissions may form the basis for summary disposition. *Medbury v. Walsh*, 476 N.W.2d 470, 472 (Mich. App. 1991).

The state court docket, attached to Plaintiff's Motion for Summary Judgment as exhibit B, shows that the request for admissions was filed on September 30, 2011. No responses were ever filed. Pursuant to the state court rules, failure to timely answer requests to admit results in those requests being deemed admitted. The question then becomes whether Defendant's admissions would have been sufficient for Plaintiff to prevail on a motion for summary disposition on the issue of fraud under state law.

To obtain summary disposition under Michigan law on a claim of fraud, Plaintiff would have had to establish the following elements: (1) That defendant made a material representation; (2) that it was false; (3) that when she made it she knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that she made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that she thereby suffered injury. *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 568 (Mich. 2012).

This Court finds that under state law, Defendant's admissions were sufficient for Plaintiff

to have obtained summary disposition in the state court on the grounds that Defendant fraudulently obtained money from Plaintiff. Specifically, Defendant admitted that she opened credit cards with Bank of America/Royal Caribbean, First USA, Citibank and American Express in Plaintiff's name, without the authority to do so, and that she used those credit cards. Defendant admitted that she was responsible for making all of the withdrawals from Plaintiff's UBS account between January, 2004 and May, 2010 and that *she* was responsible for drafting and signing the letter which authorized her to do so. Defendant admitted that she embezzled funds in the amount of $355,800, and that her mother had damages in that amount.

Based on the state court record, this Court is satisfied that Plaintiff could have obtained summary disposition on the issue of fraud. While the judgment entered in the state court case was a consent judgment, there were no questions of fact to be litigated by the time the consent judgment was entered. Because the factors necessary to support a fraud judgment in state court are virtually identical to the factors necessary to support a nondischargeable judgment based on fraud under § 523(a)(2)(A) (*see Waldorf v. Olson (In re Waldorf)*, 206 B.R. 858, 863 (Bankr. E.D. Mich. 1997); *Robinson v. Callender (In re Callender)*, 212 B.R. 276, 281 (Bankr.W.D. Mich. 1997), this Court may give preclusive effect to the consent judgment entered in state court. This Court concludes that in this case, the fact that the state court case was resolved by a consent judgment does not defeat Plaintiff's *res judicata* argument. Based on the state court record, this Court is able to make an accurate determination that Defendant committed the deceit and fraud which Plaintiff alleges.

Case law cited by Defendant on the *res judicata* issue is unpersuasive. The Supreme Court cases cited by Defendant have been fully explained. Most of the other cases cited by

13

Defendant do not address the doctrine of *res judicata*. The only case cited by Defendant explicitly holding that the doctrine of *res judicata* does not preclude litigation of nondischargeability is distinguishable on its facts. *Day v. Manuel (In re Manuel)*, 76 B.R. 105 (Bankr. E.D. Mich. 1987), involved a state court action filed by the creditor. The creditor and the debtor entered into a settlement and consent judgment which dismissed the creditor's fraud claims with prejudice. After the debtor filed for bankruptcy, the debtor argued that the doctrine of *res judicata* prevented the creditor from pursuing a judgment of nondischargeability based on fraud. The bankruptcy court disagreed, finding that under *Brown v. Felsen*, the consent judgment, standing alone, was insufficient for purposes of determining nondischargeability. In the case at bar, for all of the reasons previously set forth, there are facts in the state court record which make litigation of the fraud issue before this Court unnecessary.

This Court concludes that the doctrine of *res judicata* bars Defendant from relitigating the issue of fraud in a nondischargeability action in this Court.

**Collateral Estoppel and Consent Judgments under Michigan Law**

Even if the doctrine of *res judicata* required this Court to hear evidence on the issue of Defendant's fraudulent conduct, the doctrine of collateral estoppel bars relitigation. While Congress intended the bankruptcy court to determine the issue of whether a debt is dischargeable, such a determination does not require the bankruptcy court to redetermine all the underlying facts. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981). "Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987)

(*citing Spilman v. Harley*, 656 F.2d at 228). Collateral estoppel prevents an issue from being relitigated where the issue of fact or law was actually litigated and necessarily decided in a prior action between the same parties. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461 (6th Cir. 1999)(citation omitted).

As with *res judicata,* and pursuant to the full faith and credit statute, 28 U.S.C. § 1738, this Court must give the state court consent judgment the same issue preclusive effect that any Michigan court would give to the consent judgment. Under Michigan law, collateral estoppel applies when:

> 1) there is identity of parties across the proceedings;
>
> 2) there was a valid, final judgment in the first proceedings;
>
> 3) the same issue was actually litigated and necessarily determined in the first proceeding; and
>
> 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Phillips v. Weissert (In re Phillips)*, 434 B.R. 475, 489-90 (B.A.P. 6th Cir.); *Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir. 2002) citing *Darrah v. Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001) and *People v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990).

As a general rule, under Michigan law, consent judgments are not given collateral estoppel effect. *Am. Mut. Liability Ins. Co. v. Mich. Mut. Liability Co.*, 235 N.W.2d 769, 776 (Mich. App.1975); *Kohlenberg v. Baumhaft (In re Baumhaft* ), 271 B.R. 517, 521 (Bankr.E.D.Mich.2001) (citations omitted). Because "a consent judgment reflects primarily the agreement of the parties[,]" by signing the judgment, the trial judge "merely put[s] his stamp of

approval on the parties' agreement disposing of those matters." *Am. Mut. Liability Ins.*, 235 N.W.2d at 776. Thus, "the issues involved in the settled case [are] not actually adjudicated[.]" *Id.* Accordingly, consent judgments normally fail to meet the legal requirements of collateral estoppel. *Id.*

In this case however, the allegations in the adversary complaint, the facts deemed admitted, and the consent judgment, taken together, satisfy the "actually litigated" requirement for collateral estoppel to apply.[3] The adversary complaint in this case seeks nondischargeability based on fraud, an issue which was placed squarely before the state court and which gives rise to a nondischargeable judgment in bankruptcy. For all of the reasons previously set forth regarding *res judicata,* it is clear to this Court that the issue of whether Defendant committed fraud was "actually litigated" in the state court case. The elements of fraud under state law are identical to the elements of fraud under 11 U.S.C. § 523(a)(2)(A), and Defendant's admissions operate as factual findings sufficient to prove fraud under 11 U.S.C. § 523(a)(2)(A). Since all of the elements of collateral estoppel have been satisfied, Plaintiff is entitled to summary judgment on her complaint seeking nondischargeability based on fraud.

The Court also notes that there is an exception to the general rule that consent judgments are not given collateral estoppel effect. Where "the parties have entered an agreement manifesting an intention that the judgment be conclusive with respect to one or more of the issues [in the agreement]", the agreement is preclusive as to those issues. *Baumhaft*, 271 B.R. at 521 (internal quotation and citations omitted). In *Baumhaft*, the parties entered into a consent agreement in state court based on a settlement agreement which incorporated a stipulation of

---

[3]"Actually litigated" is the only element of collateral estoppel in dispute. The parties do not dispute that the other elements are satisfied.

facts. In a subsequent nondischargeability proceeding, the bankruptcy court found that the stipulation of facts disclosed an intention of the parties to be bound by those facts and that the stipulated facts satisfied the elements of nondischargeability. As a result, the bankruptcy court recognized a collateral estoppel effect arising from the limited circumstance of that particular consent judgment.

> Where the agreement upon which a consent judgment is based is fairly to be construed as providing that the parties should be bound collaterally upon a certain point, that agreement will ... be given effect. An intention to be bound in this way should not however be found unless the language or admissible evidence affirmatively point to it, and such an intention should not be inferred from the circumstance, taken alone, that the agreement or judgment contains a stipulation or recital of the fact's existence. Where the parties to a consent judgment have not agreed to be thus bound, the rule pertaining to the effect of judgments do not require that they should be ....*Industrial Ins. Serve., Inc. v. Zink (In re Zink )*, 100 B.R. 867, 870 (Bankr.E.D.Mich.1989) (quoting James, Consent Judgments as Collateral Estoppel, 108 U. PA. L. REV. 173,193 (1959)).

*Baumhaft*, 271 B.R. at 521.

This Court recognizes that the consent judgment in the instant case does not expressly indicate any specific intent regarding whether the parties should be collaterally bound by the agreement. Nevertheless, this Court understands that collateral estoppel is a flexible rule– and never more clearly so than in the context of a dischargeability action. In the instant case, Defendant's admissions are admissions as to facts which establish grounds for a judgment based on fraud. This Court finds that those facts are indistinguishable from factual findings based on a stipulation of the parties. Because Defendant admitted to the facts necessary to establish a claim of fraud, she is stopped from relitigating those facts in a subsequent action.

Case law cited by Defendant does not support a different outcome. For example, *in Hayhoe v. Cole (In re Cole)*, 226 B.R. 647 (BAP 9th Cir. 1998) and *EFS, Inc. v. Mercer (In re*

*Mercer),* 2013 WL 3367253 (Bankr. M.D. Ala.), the courts held that a stipulated judgment in which a defendant expressly stated that the judgment was nondischargeable in any subsequently filed bankruptcy, was insufficient to preclude litigation of whether Defendant had engaged in fraud in a subsequent nondischargeability action in bankruptcy court. Those cases are factually distinguishable from the facts of the instant case. In the case at bar, this Court has a factual record from the state court which supports a finding of nondischareability. This Court is not presented with a bare agreement between the parties that, in any prospectively filed bankruptcy proceeding, the debt at issue would be nondischargeable. In the instant case, the Defendant admitted to all of the underlying facts necessary to obtain a judgment for fraud. Therefore, this Court may find that for purposes of collateral estoppel, Plaintiff's fraud claim was fully adjudicated in the state court case.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted. Plaintiff is awarded a nondischargeable judgment pursuant to 11 U.S.C. § 523(a)(2)(A) in the amount of $330,000. Plaintiff's request for attorney fees is denied.

Signed on March 01, 2017

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge